UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 15-005-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| KEENEN CRANE, | ) | **MEMORANDUM OPINION** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

A hearing was held on this date to consider Defendant Keenen Crane's Motion for Review and Amendment of the Order of Detention entered by United States Magistrate Judge Robert E. Wier on June 29, 2015. [Record No. 206] This memorandum opinion supplements the reasons given during the hearing for denying the defendant's motion.

**I.     Relevant Facts**

On March 12, 2015, a federal grand jury returned a nine-count Superseding Indictment against Crane and nine other defendants. [Record No. 61] Crane was charged in Count One with attempt and conspiracy to commit bank fraud under 18 U.S.C. § 1349. The allegations are the result of a counterfeit check cashing scheme to obtain money by defrauding financial institutions with counterfeit checks bearing the forged signatures and account information taken from stolen checks.

Crane initially appeared before United States Magistrate Judge Wier on March 23, 2015, and was released on conditions of pretrial release previously imposed by United States

Magistrate Judge Joe B. Brown of the Middle District of Tennessee.[1]  The conditions prohibited the defendant from using or possessing unlawful narcotic drugs and other controlled substances.

Following release, Crane returned to his home in Decatur, Georgia.  His pretrial release was monitored by Officer Alexander Moody of the United States Probation Office ("USPO") in Atlanta, Georgia.  During his initial meeting with Officer Moody on April 6, 2015, Crane admitted to using marijuana several days earlier. [Record No. 202]  Thereafter, he tested positive for using marijuana on April 20, 2015.[2]  A Bond Violation Report was issued by Officer Moody on May 11, 2015, and Magistrate Judge Wier set the matter for a hearing on May 28, 2015. [Record No. 162]  Prior to this hearing, USPO reported that Crane failed another test for marijuana use on May 8, 2015, and that his May 19, 2015 test sample had been diluted.

During the May 28, 2015 hearing, Crane stipulated to using marijuana on or about April 20, 2015.[3]  [Record No. 165]  The Magistrate Judge noted that Crane offered evidence of continued steady employment, that he was a caretaker for his young son, and that the United States did not seek revocation for the violation.  It is also significant to note that the Magistrate Judge "accepted defense counsel's characterization of the April 20 use . . . *as an isolated use incident*." (Emphasis added.)  [*Id.*]  As a result, Crane was released on the terms

---

1  Magistrate Judge Wier modified the conditions of release to include the condition that, except through counsel, Crane shall have no direct or indirect contact with any known government witness or co-defendant. [Record No. 96]

2  Crane's positive marijuana test was confirmed by Alere Toxicology.

3  The Magistrate Judge did not adjudicate the remaining alleged violations (May 8, 2015 failed drug test and May 19, 2015 diluted test). [Record No. 165]

and conditions previously set in the Order Setting Conditions of Release, modified to further include substance abuse treatment, increased drug testing, and a curfew. Crane was also advised that "[a]ny further violation will almost certainly result in swift revocation." [*Id.*, p. 2]

On June 3, 2015, the United States received a Bond Violation Report from the USPO indicating that Crane's June 1, 2015 urine sample was positive for marijuana use. [Record No. 186] The United States moved to institute revocation proceedings on June 18, 2015. [Record No. 176] Magistrate Judge Wier granted the United States' motion and scheduled the matter for hearing. [Record Nos. 184] Prior to the June 29, 2015 hearing, the USPO reported that Crane again tested positive for marijuana during tests administered on June 8, 2015 and June 15, 2015.

At the June 29, 2015 hearing, evidence was presented by Officer Moody regarding the USPO's policy for administering drug tests and that Crane had failed drug tests on April 21, May 8, June 1, June 8, and June 15. Written reports confirming the failed drug tests from Alere Toxicology were also introduced by the United States. [Record No. 203, Ex. 1, 2, 4, 5, 7] Further, the United States introduced a June 17, 2015 report of Ms. Pat Pizzo, Director of Toxicology for Alere Toxicology, which analyzed Crane's failed drug tests. The report noted that Crane re-used marijuana prior to his June 1 and June 8 drug tests. However, the report was unable to determine if the June 8 positive drug test was new use or residual use. Crane introduced evidence that he had faithfully attended meetings with his probation officer, attended his drug counseling sessions, had become a full-time employee at his work, and spent time taking care of his five-year old son.

The Magistrate Judge evaluated the factors listed in 18 U.S.C. § 3142(g), the June 17, 2015 Violation Report, the prior release ruling, the arguments made by counsel, and the record as a whole. [Record No. 202, p. 2] Magistrate Judge Wier believed that Crane would reappear and, "while a close call, the Court does believe that conditions can assure community safety (except the danger related to marijuana access and use)." [*Id.*] However, the Magistrate Judge further concluded, especially in light of the increased release conditions imposed in May 2015, that Crane is "simply unlikely to abide by release conditions delimiting marijuana use" based on his history, requiring revocation of his pretrial release. [*Id.*] Crane sought review of the Magistrate Judge's determination, asserting that conditions exist that will allow him to eliminate his marijuana use without revoking pretrial release. [Record No. 206] Other than "modified" house arrest and "a new attitude" by the defendant, no other conditions were presented during the hearing for the undersigned's consideration.

## II.     Standard of Review

This Court may review Magistrate Judge Wier's order of detention *de novo*. *See United States v. Yamini*, 91 F. Supp. 2d 1125, 1127 (S.D. Ohio 2000) (explaining that, although the Sixth Circuit has not mandated a particular standard of review, the "majority view appears to favor . . . *de novo* review of detention orders"); *see also United State v. Watkins*, No. 13-02-KSF, 2013 WL 614252, at *3 (E.D. Ky. Feb. 19, 2013); *United States v. Corona*, No. 3:05-CR-148, 2007 WL 624332, *at 1 (E.D. Tenn. Feb. 22, 2007) (citing *United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003) (district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions of

release) and *United States v. Koening*, 912 F.2d 1190, 1193 (9th Cir. 1990) (district court is to make its own determination without deference to the magistrate judge's findings)).

### III. Analysis

Under 18 U.S.C. § 3148(a), "[a] person who has been released under section 3142 . . . and who has violated a condition of his release, is subject to a revocation of release, an order of detention, and prosecution for contempt of court." Once charged with violating a condition of release, the person is brought before a judicial officer in the district in which such person's arrest was ordered. 18 U.S.C. § 3148(b). The judicial officer shall enter an order of revocation and detention if the judicial officer –

> **(1)** finds that there is . . . (B) clear and convincing evidence that the person has violated any other condition of release; **and**
>
> (2) finds that –
>
>> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; **or**
>>
>> (B) the person is unlikely to abide by any condition or combination of conditions of release.

(Emphasis added.) *Id.*

Therefore, §3148(b) requires a two-step process to determine whether revocation of pretrial release is proper. First, there must be clear and convincing evidence that a violation of conditions of release has occurred. Here, there is sufficient evidence to find that Crane violated the condition against the use or unlawful possession of narcotic drugs or other controlled substances. As demonstrated in the June 17, 2015 Violation Report, Crane has tested positive for marijuana multiple times before and after the May 28, 2015 bond

revocation hearing. Crane admits as much in his present motion by stating that the June 17, 2015 Violation Report indicates "minimal" marijuana use after May 19, 2015, and that the use was "a relapse and not full-blown use." [Record No. 206-1, p. 4] Thus, there is clear and convincing evidence that Crane has violated a condition of his release.

Second, the Court must determine whether: (A) there are conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; **or** (B) the person is unlikely to abide by any conditions of release. 18 U.S.C. § 3148(b)(2). On the one hand, Crane seems to argue that his marijuana use has decreased since April 21, 2015, and that conditions exist that will ensure his continued course of eliminating marijuana use. [Record No. 206-1, p. 4] Additionally, he argues that he has complied with the remainder of the conditions of his pretrial release, indicating that he can abide by conditions set by the Court.[4] On the other hand, Crane denies that he has used any additional marijuana since around the time he used in April 2015. The Court finds this later, sworn statement to be material and false. The scientific evidence presented in connection with this matter refute this assertion. Likewise, the defendant's false statement to the Court constitutes an additional reason that Crane cannot be trusted to comply with conditions of release previously imposed by the magistrate judge.

---

4     During the detention hearing, citing *United States v. Stone*, 608 F.3d 939 (6th Cir 2010), Crane also argued that under 18 U.S.C. § 3148(b)(2), the judicial officer must determine that the person both poses a danger to the community and is unlikely to abide by any condition of release. However, *Stone* discussed determinations of detention under 18 U.S.C. § 3142. Because this matter relates to a violation of release conditions, it is governed by 18 U.S.C. § 3148. A straightforward reading of the statute makes clear that a finding that a person is unlikely to abide by any condition of release is sufficient to satisfy 18 U.S.C. § 3148(b)(2).

In summary, it is clear that the defendant is unlikely to abide by the condition against the use or unlawful possession of narcotic drugs or other controlled substances. Following his initial hearing before Magistrate Judge Wier, Crane admitted marijuana use to Officer Moody on April 3, 2015, stipulated to marijuana use on April 20, 2015, tested positive for marijuana on May 8, 2015, and provided a diluted sample on May 19, 2015. Again, Crane initially argues (in the alternative) that his use of marijuana after May 19, 2015, has been "minimal" and that attending drug counseling has gotten him on the right track. [Record No. 206-1, p. 4] However, even if true, "minimal" use does not remove the fact that **any** use violates the conditions of his release. Additionally, the evidence confirms that Cane tested positive for marijuana three separate times in June 2015 (June 1, 8, and 15), following his bond revocation hearing before Magistrate Judge Wier on May 29, 2015, in which the conditions of his pretrial release were increased to include drug counseling.

Finally, Crane asserts that other conditions such as house arrest will prevent any further use of marijuana. But at the same time, he would like house arrest be modified to allow him to leave his home for employment-related reasons. In other words, he wants the conditions to remain the same but he wants to call it something else. But that is unacceptable to the Court.

Allowing the defendant to have the same access to the same source of drugs is not the answer to Crane's continuing violations. At this point, nothing short of incarceration is an acceptable solution.

This 17th day of July, 2015.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge